UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
OLAJUWON HERBERT,                                     :
                                                      :
       Plaintiff,                                 :   Civ. No. 19-20409 (KM) (ESK)
                                                      :
    v.                                                :
                                                      :
COUNTY OF ESSEX et al.,                               :   **OPINION**
                                                      :
       Defendants.                                :
_____           :

**KEVIN MCNULTY, U.S.D.J.**

**I.    INTRODUCTION**

Plaintiff Olajuwon Herbert is proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. (DE 1-1 at 7–13.) The matter was initially filed in New Jersey Superior Court, Law Division, Essex County, but was removed to federal court in November 2019. (DE 1.) Presently pending before the Court are the motion of Defendant the County of Essex to dismiss the complaint (DE 3), and Plaintiff's Motion to amend the complaint (DE 9). For the reasons set forth below, the Motion to Amend is granted, but the Motion to Dismiss the complaint, even in its amended form, will also be granted.

**II.    BACKGROUND**

The factual allegations contained within the complaint are sparse, but from them I discern the following. Plaintiff's complaint arises from his 2014 jury trial and resulting conviction for "numerous felonies." (DE 1-1 at 10; DE 9-1 at 8.) Plaintiff alleges that during his trial, Essex County Assistant Prosecutor John Wilson "lied" to the jury and improperly introduced evidence that Plaintiff was a member of a gang. (DE 1-1 at 10; DE 9-1 at 8.) Wilson introduced this evidence through the testimony of Detective Tyrone Crawley, who Plaintiff also states "lied" to the jury by

testifying about the "untrue" fact that Plaintiff was a member of a gang. (DE 1-1 at 10; DE 9-1 at 8.) These remarks were made despite the trial court's order not to refer to any alleged gang affiliation. (DE 1-1 at 11; DE 9-1 at 9.) Ultimately, Plaintiff contends, these improper comments led to his conviction and a sentence of 75 years in prison, subject to New Jersey's No Early Release Act. (DE 1-1 at 11; DE 9-1 at 9.) On January 10, 2019, however, Plaintiff's conviction was overturned by the New Jersey Superior Court, Appellate Division "for the misconduct of defendant T. Crawley" and remanded for a new trial. (DE 1-1 at 11; DE 9-1 at 10.)

Plaintiff filed this civil rights action in state court in October 2019. (DE 1-1 at 6.) The matter was then removed to federal court by Defendants. (DE 1.) Both the original complaint and amended complaint raise numerous claims under 42 U.S.C. § 1983, as well as state law claims, against the following defendants: Essex County Prosecutor's Office, 1-20 Jane and John Doe Assistant Prosecutors, 1-20 Jane and John Doe Officers at the Essex County Prosecutor's Office, Assistant Prosecutor John Wilson, the County of Essex, East Orange Police Department, the State of New Jersey, and the City of Newark. (DE 1-1 at 8–9; DE 9-1 at 6–7.)

In December 2019, Defendant Essex County filed a Motion to Dismiss, arguing that the County was not liable for the actions of the Essex County Prosecutor's Office. (DE 3.) Plaintiff did not file a brief in response. He did, however, file a Motion to Amend his Complaint. (DE 9.) The amended complaint, however, still names Essex County as a Defendant. (DE 9-1 at 7.) Essex County opposes Plaintiff's Motion to Amend only insofar as it is still named as a Defendant. (DE 17.)

### III.   LEGAL STANDARD

#### A.   Motion to Amend

A party may amend its pleading once as a matter of course within

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (c), or (i), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Accordingly, amendment of a complaint in response to a motion to dismiss is often permitted without leave of court. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

After amending once or after an answer has been filed, however, leave of court or written consent of the opposing party is required. *Id.*; *see also* Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "leave [to amend] shall be freely given when justice so requires." Accordingly, courts "have shown a strong liberality ... in allowing amendments under Rule 15(a)." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, 663 F.2d 419, 425 (3d Cir.1981) (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.08(2) (2d ed. 1989)).

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court put its stamp on the liberal amendment policy, while identifying a number of factors relevant to a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

Amendment may be denied, however, if it would be "futile." Futility is established if the complaint, as amended, "would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *see also Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001); *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

### B.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See New Jersey Carpenters & the Trustees Thereof*, 760 F.3d at 302; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Under Federal Rule of Civil Procedure 8(a), a complaint is not required to contain detailed factual allegations. However, "a plaintiff's obligation to provide the 'grounds' of his "entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). The facial plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant -is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV.     DISCUSSION

### A.     Plaintiff's Motion to Amend

Plaintiff's amended complaint is largely the same as his original complaint and it does not appear to have been filed in response to Essex County's Motion to Dismiss. (*Compare* DE 1-1, *with* DE 9-1.) In his certification in support of his Motion to Amend, Plaintiff states that he will "respond to the defendants' motion to dismiss when defendants respond to this amended complaint." (DE -1 at 2.) Thus, the Motion to Amend would not fall under Fed. R. Civ. P. 15(a)(1). However, under Fed. R. Civ. P. 15(a)(2), the Court may grant a motion to amend "when justice so requires," so long as there has not been undue delay, bath faith, or prejudice to the non-moving party. *See Foman*, 371 U.S. at 182.

Here, there have been no allegations of dilatory tactics, bad faith, or prejudice to any of the defendants if the amended complaint is granted. Indeed, this litigation is in its initial stages and most of the Defendants have not yet filed a responsive pleading. Accordingly, I will grant the motion to amend and direct the Clerk of the Court to file the amended complaint. This does not, however, change the analysis of Essex County's Motion to Dismiss, which I next address.

### B.     Defendant Essex County's Motion to Dismiss

Essex County asserts that it is not liable for the actions of the Essex County Prosecutor because any actions undertaken by a county prosecutor's office in its criminal capacity are considered State actions rather than County actions. (DE 3-2 at 6; DE 17 at 3.) Since Plaintiff's amended complaint is premised upon the allegedly wrongful conduct of the Essex County Prosecutor's Office, Essex County submits that the claims against them must be dismissed. (DE 3-2 at 6; DE 17 at 3.)

County prosecutors, when performing prosecutorial functions, are deemed to be state officials. "Under New Jersey law, when county prosecutors and their subordinates perform law enforcement and prosecutorial functions, 'they act as agents of the State,' and the State must indemnify a judgment arising from their conduct." *Hyatt v. Cnty. of Passaic,* 340 F. App'x 833, 836 (3d Cir.2009) (quoting *Wright v. State,* 778 A.2d 443, 461–62, 464 (2001)); *see also Kelley v. Edison Twp.,* 377 F.Supp.2d 478, 486 (D.N.J.2005) (reasoning that county prosecutors, who can be superseded by the Attorney General in an investigation, "are considered agents of the State because of the constitutional and statutory scheme under which they operate"). So long as a county prosecutor is discharging core prosecutorial functions, he or she is acting as a State, not a County, official and the County cannot be held vicariously liable.[1]

This complaint makes no specific allegations against Essex County itself. Like the County, I take the complaint to be asserting vicarious liability against the County based on the actions of Essex County Assistant Prosecutor Wilson in introducing "untrue" testimony about Plaintiff. being a member of a gang. However, since Wilson's allegedly improper actions fall within the sort of conduct contemplated by *Hyatt* – namely, his prosecutorial function – I am satisfied that Wilson was acting within his function as a State official at the time of the alleged misconduct. The County, therefore, cannot be held vicariously liable for any alleged wrongdoing by Wilson. Accordingly, any claims against Essex County in the amended complaint will be dismissed without prejudice.

---

[1] Prosecutorial defendants are deemed to act in their capacity as County officials, however, when they perform "administrative tasks unrelated to their strictly prosecutorial functions, such as ... personnel decisions." *Hyatt,* 340 F. App'x at 836 (quoting *Coleman v. Kaye,* 87 F.3d 1491, 1499 (3d Cir.1996)).

## VI.     CONCLUSION

For the foregoing reasons, Defendant Essex County's Motion to Dismiss (DE 3), and Plaintiff's Motion to Amend the Complaint (DE 9) will both be granted. Any claims against Essex Count in the amended complaint will be dismissed without prejudice. An appropriate Order will be entered.

DATED: July 23, 2020

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge