UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OLAJUWON HERBERT,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF ESSEX, et. al,**<br><br>    **Defendants.** | Civ. No. 19-20409 (KM) (ESK)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Olajuwon Herbert, proceeding *pro se*, sues individuals and entities involved in a criminal prosecution of him in New Jersey state court. Pending before the Court are (1) motions to dismiss the amended complaint filed by Defendants for lack of jurisdiction and failure to state a claim, *see* Fed. R. Civ. P. 12(b)(1), (6) (DE 45, 46);[1] and (2) a motion to remand to state court filed by Mr. Herbert in which he also requests leave to amend his pleading to drop the one federal claim (DE 54). For the following reasons, the motion to amend and remand (DE 54) is **GRANTED**. The motions to dismiss (DE 45, 46) are **DENIED AS MOOT**.

---

[1]   Certain citations to record are abbreviated as follows:

DE = docket entry

Am. Compl. = Amended Complaint (DE 29)

Pl. Mot. = Plaintiff Herbert's Brief in Support of Motion to Remand (DE 54-1)

I.  **BACKGROUND**

This matter was originally filed in New Jersey Superior Court, but one defendant, the County of Essex, removed to this Court, invoking federal-question jurisdiction on the basis of a 42 U.S.C. § 1983 claim in the original complaint. (DE 1.) The County moved to dismiss, and Mr. Herbert responded with a motion to amend. (DE 3, 9.) I granted the motion to amend but also then granted the motion to dismiss because, even as amended, the complaint failed to state a claim. (DE 19.) Mr. Herbert then amended his complaint again. (Am. Compl.)

In the operative Amended Complaint, Mr. Herbert alleges state-law tort and New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2, claims against Defendants as well as one 42 U.S.C. § 1983 claim against the County (Count 1). (Am. Compl. ¶¶ 29–52.) His pleading does not specify which federal rights serve as the basis for his claim. Nor does his NJCRA claim specify what rights (whether state or federal) he invokes.

The County and the remaining defendants separately moved to dismiss the Amended Complaint. (DE 45, 46.) Before responding, Mr. Herbert filed a "motion to remand." In that motion, he states that only one of his claims is federal (Count 1), so he asks the Court to "terminate" that claim and remand the case. (Pl. Mot. at 4.) He styles that request as a motion to amend. (*Id.* at 5.) He also argues that removal was procedurally improper because the County removed more than 30 days from when it "received" his complaint. (*Id.* at 3.) Defendants have not yet responded to the motion to remand, nor has Mr. Herbert yet responded to the motions to dismiss.

## II. DISCUSSION

I will remand this case because Mr. Herbert may amend his pleading to omit his federal claim, leaving only state-law claims, over which I decline to exercise jurisdiction. There are a few steps to reach this result.[2]

To start, I will grant Mr. Herbert's request to amend his complaint. Rule 15(a)(2) allows a party to amend a pleading by "the court's leave." The Rule's plain language requires no formal procedures, and so the court may grant leave to amend *sua sponte*, *i.e.*, without hearing from the defendant, where the entitlement is clear. *See Feurerstein v. Simpson*, 582 F. App'x 93, 97 n.3 (3d Cir. 2014) (collecting cases); *Broederdorf v. Bacheler*, 129 F. Supp. 3d 182, 200 (E.D. Pa. 2015).

In deciding whether to grant leave, "[p]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (internal quotation and citation omitted). Courts also consider delay, which is relevant here because Mr. Herbert asks to drop his federal claims a year-and-a-half into this case. Nonetheless, to warrant denial of leave to amend, delay must be "undue" or prejudicial. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001).

I do not perceive undue delay or prejudice here. Although dropping the § 1983 claim might deny Defendants their preferred federal forum, "they are not entitled to one when they have a full and fair opportunity to litigate in state court." *Dirauf v. Berger*, 506 F. Supp. 3d 254, 263 (D.N.J. 2020) (quotation marks and citation omitted), *appeal docketed*, No. 21-1044 (3d Cir. Jan. 11, 2021). It is true, of course, that the motion to amend was filed when this case had been pending for some time. It is also true, however, that there has been little progress, in that the prior iterations of the complaint have failed to state a claim, and have failed to state a federal claim in particular, and no answer has

---

[2] I do not address the argument that removal was procedurally improper because that argument is untimely. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").

yet been filed. Mr. Herbert states that amendment will "cure any deficiencies" in his Amended Complaint, particularly deficiencies in the § 1983 claim, which will simply be dropped. (Pl. Mot. at 5.) Defendants' motions to dismiss have evidently persuaded this *pro se* plaintiff that his federal claim is not viable, and he has therefore quite properly concluded that he should not pursue that claim. Defendants cannot complain that they are somehow forfeiting the efforts they have already invested in this case. Those efforts have borne fruit in the form of dismissal; the case, though not new, is still in its early stages; and the motion practice thus far would have occurred in state court in any event. *Bringa v. Roque*, Civ. No. 13-3296, 2015 WL 857884, at *3 (D.N.J. Feb. 27, 2015). Accordingly, I will grant leave to amend, and any federal claims are excised from the Amended Complaint.[3]

The federal claim was the basis for removal. Now, excising the federal claim does not render removal improper or necessarily deprive me of jurisdiction, which is established at the time of removal. *Felice v. Sever*, 985 F.2d 1221, 1225 (3d Cir. 1993). But where a federal question is no longer present, "the court may, within its discretion, decline to exercise supplemental jurisdiction" over the remaining state-law claims. *Bringa*, 2015 WL 857884, at *5 (citing 28 U.S.C. § 1367(c)(3)). Indeed, it is the norm that a federal court will decline to exercise jurisdiction when the only federal claim is no longer viable,

---

[3] Only one claim (Count 1) expressly relies on federal law as the basis for its cause of action, so that is the only claim that seemed to provide federal-question jurisdiction for removal. *See Stepnosky v. Silgan Holdings, Inc.*, Civ. No. 21-319, 2021 WL 2802473, at *3 (D.N.J. July 2, 2021) ("Usually, federal jurisdiction is retained only when the plaintiff's right to relief relies on federal law, *i.e.*, when the relief is based on a federal cause of action." (citation omitted)). To the extent the Amended Complaint could be interpreted as referencing federal constitutional violations as the basis for the remaining claims, that is insufficient, because no such violations are even mentioned. *See id.* at *4 ("[A] complaint's mere allusion to federal law, or a passing reference to a federal statute, does not present a federal question that arises under federal law . . . ." (quotation marks and citations omitted)). Regardless, Mr. Herbert's motion makes it clear that he wants any and all federal claims removed, so to the extent federal violations could underly his other claims, his motion to amend takes care of them.

and the case has not progressed substantially. *Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019).[4]

The "presumptive rule is that the state claims shall be dismissed, unless reasons of economy and fairness dictate otherwise. Where a case has been substantially litigated for some time, it may be a proper exercise of discretion to retain it . . . . Where, on the other hand, time and effort will not be wasted and the case is nowhere close to trial, remand may be the proper course." *Trotta v. Borough of Bogota*, Civ. No. 12-2654, 2016 WL 3265689, at *11 (D.N.J. June 6, 2016) (refusing remand where case had been "substantially litigated" including "significant discovery") (internal citations omitted); *see also Mission Motorcycles, Inc. v. Vincent IP*, Civ. No. 13-7684, 2016 WL 126364, at *3 (D.N.J. Jan. 11, 2016). It is the defendant's obligation to provide an "affirmative justification" for retaining jurisdiction. *N. Sound Capital LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019).

The reasons for declining supplemental jurisdiction are implicit in the analysis above. Mr. Herbert concedes that, after two tries, he has failed to plead a federal claim. Defendants are not being deprived of their rightful federal forum, to which they would be entitled only by virtue of a federal claim which they and the plaintiff both portray as insubstantial. No federal law or policy will go unvindicated as the result of remand. There has been no significant investment of resources, other than motion practice which presumably would

---

[4] (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

have been conducted in state court if the matter had not been removed. It appears that discovery has been minimal; whatever has been provided will not be wasted but may be used in state court. The plaintiff's motion to remand was submitted in response to the most recent motions to dismiss (DE 45, 46); if the motion to amend is granted and the matter is remanded, the motions to dismiss will not need to be adjudicated as to the federal claims at all, and may be adjudicated as to state claims in the coequal state forum. No inefficiencies are apparent. Thus, I decline to exercise jurisdiction over the state-law claims.

      I will therefore remand to state court, where this case originated. *Bringa*, 2015 WL 857884, at *7; *Yan v. Franklin Credit Mgmt. Corp.*, Civ. No. 13-1273, 2013 WL 2950652, at *3–4 (D.N.J. June 14, 2013); *Alicea v. Outback Steakhouse*, Civ. No. 10-4702, 2011 WL 1675036, at *5 (May 3, 2011), *report & recommendation adopted*, 2011 WL 2444235 (D.N.J. June 11, 2011); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[5]

---

[5]     I need not wait for any response from Defendants. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend and remand (DE 54) is **GRANTED**; this matter is remanded to the Superior Court of New Jersey, Law Division, Essex County; and Defendants' motions to dismiss (DE 45, 46) are **DENIED AS MOOT** as regards this Court, without prejudice to further proceedings in the state court.

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**